MARTIN L. CECIL v. BOARD OF COUNTY COMMISSIONERS OF WASHITA COUNTY.

(Filed June 30, 1900.)

EVIDENCE, REVIEWED, WHEN—*Transcript, Must Contain, What.* This court will not undertake to review the evidence in a case brought here upon a transcript, certified by the clerk of the district court, that it "contains a true, full and correct copy of the petition, transcript, notice of appeal, journal entry of judgment and bill of exceptions, as the same appears on file and of record," and which contains no statement in the record that it contains the evidence, in the cause. And since the assignment of errors is one such as requires an examination of the evidence, the judgment will be affirmed.

(Syllabus by the Court.)

*Error from the District Court of Washita County; before C. F. Irwin, District Judge.*

*R. B. Forrest* and *J. K. Little,* for plaintiff in error.

*Smith & Sitterly,* for defendant in error.

Opinion of the court by

McAtee, J.: This is an appeal from the board of county commissioners of Washita county, to the district court of that county, from an order of the board, declaring, as the result of an election upon the subject, that "stock should be restrained from running at large in township ten, range twenty, in Washita county." The order of the board of county commissioners was affirmed in the district court, and the case is brought here upon a transcript certified by the clerk of the district court, that "the above and foregoing transcript contains a true full and correct copy of the petition, transcript, notice of appeal, journal entry of judgment, and bill of exceptions, as the same appear on file and of record."

The judgment of the district court was, that "from and after this date, stock shall be restrained from running at large in township ten, range twenty, Washita county, and that the provisions of the herd law be in force and effect in said township, and that the order of the board of county commissioners of said county be affirmed." The assignment of error is that the court erred in giving judgment for the appellee below.

In order to review the judgment here, and the questions presented in the briefs, it would be necessary to determine the result of the election in question, as found upon a canvass of the votes by the board of county com-

missioners; the poll list of all votes in township ten, range twenty; testimony touching the number of resident voters in the township, and the number of votes cast at the election for and against the proposition to restrain stock from running at large; and while there are some papers apparently purporting to be copies of certificates and affidavits showing these points, yet, they are not brought here in such a form as to be proper subject for consideration in this court. These are matters of evidence, and should be brought here by a case-made or a proper bill of exceptions. There is no statement or certificate in the record that it contains the evidence, or the whole or any part of it.

The judgment of the district court will, therefore, be affirmed.

Irwin, J., having presided in the court below, not sitting; all of the other Justices concurring.